# In the United States Court of Federal Claims

No. 25-549
Filed: June 16, 2025

```
*************************************
ALLISON STANTON EL,                 *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
UNITED STATES,                      *
                                    *
                Defendant.          *
*************************************
```

*Allison Stanton El*, Aurora, CO, *pro se*.

*Tate Nathan Walker*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

**MEMORANDUM OPINION AND ORDER**

Allison Stanton El filed a complaint on March 26, 2025. Compl. [ECF 1] at 6. She alleges that various individuals conspired to foreclose on her home, which resulted in the seizure and sale of the property and ultimately her eviction therefrom. *Id.* ¶¶ 12, 13, 16. She asserts claims for fraud, conspiracy to violate civil rights (42 U.S.C. § 1983), wrongful eviction, and violation of oath of office. *Id.* at 6-7. As defendants, she names two Colorado state court judges, two Colorado state or local employees, five employees of private companies, and one private company. *Id.* ¶¶ 1-12. She also appears to name the Arapahoe County Sheriff's Department as a defendant. *Id.* ¶ 17.

On April 2, 2025, the government moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss [ECF 6] at 1.[1] The government argues that this Court lacks "jurisdiction to hear claims against state and local government entities, private corporations, and individuals," and that it lacks "jurisdiction to hear claims regarding private contracts, criminal claims, state court matters, and . . . claims that are not based on any money mandating statute." *Id.* The government's motion is fully briefed, *see* [ECFs 7, 9, 10], and the Court determined that a hearing was not necessary. For the reasons stated below, the government's motion to dismiss is **GRANTED**.

---

[1] The government also moves for dismissal under RCFC 12(b)(6), [ECF 6] at 1, but its arguments thereafter relate solely to the Court's subject matter jurisdiction, not to whether Ms. Stanton El sufficiently stated claims upon which relief may be granted under RCFC 12(b)(6).

The United States Court of Federal Claims has limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). This Court's jurisdiction is established by the Tucker Act, which states, in relevant part, that the Court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d. 1338, 1343 (Fed. Cir. 2008). Additionally, the Tucker Act is confined to claims against the United States and does not extend to allegations against "private parties, or local, county, or state agencies." *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007).

Where a defendant moves to dismiss a claim under RCFC 12(b)(1), the plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *Stanley v. United States*, 107 Fed. Cl. 94, 97 (2012); *see also Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 775 (Fed. Cir. 2021). When considering a motion to dismiss for lack of subject matter jurisdiction, the court "must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor." *Tapia v. United States*, 146 Fed. Cl. 114, 126 (2019); *see also Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (internal citations omitted). Despite the lenient standard applied to a pro se plaintiff's pleadings, the court's jurisdictional requirements are not construed liberally, and "the court is allowed no discretion to bend the requirements of jurisdiction in [a pro se plaintiff's] favor." *Stanley*, 107 Fed. Cl. at 98.

Despite alleging multiple claims against various defendants, Ms. Stanton El fails to satisfy the Court's jurisdictional requirements. First, this Court lacks jurisdiction over her claims grounded in civil and criminal fraud. *Doiban v. United States*, 173 Fed. Cl. 527, 541 (2024) (holding that fraud claims must be dismissed whether construed as civil or criminal fraud). Second, this Court does not have jurisdiction to entertain her claims under 42 U.S.C. § 1983 for violation of civil rights. *See Hover v. United States*, 566 Fed. App'x 918, 920 (Fed. Cir. 2014) (explaining that "42 U.S.C. § 1983 does not create a right 'enforceable against the federal government for money damages' . . . but instead creates a cause of action against a person acting under color of *state* law") (internal citations omitted). Third, this Court cannot hear her wrongful eviction claim. Although Ms. Stanton El alleges that "the forced eviction . . . was unlawful, as it was carried out under duress and in violation of Constitutional, Treaty and Colorado law," [ECF 1] at 7, she fails to identify a money-mandating source of law, as required under the Tucker Act. *Thornton El v. United States*, No. 25-488, 2025 WL 973969, at *3 (Fed. Cl. Mar. 31, 2025) (finding that plaintiff's allegation that his eviction violated Constitutional, Treaty, and state law was insufficient to invoke this Court's jurisdiction because it failed to identify a specific money-mandating source of law). Fourth, the Court lacks jurisdiction over her claim that the defendants violated their oath of office. *In re Raghubir*, 831 F. App'x 957, 958 (Fed. Cir. 2020) ("There is

no non-frivolous argument that the Court of Federal Claims has jurisdiction over [a claim for a breach of an implied contract set forth in an oath of office].").

      Finally, even though Ms. Stanton El asserts one claim over which this Court does have subject matter jurisdiction, she nevertheless fails to name the United States as the defendant. In the complaint, Ms. Stanton El alleges that "[t]he Court can hear claims for just compensation when private property is taken by the government under its eminent domain powers, as mandated by the Fifth Amendment," [ECF 1] at 5, and that her property "was the subject of an unlawful foreclosure and eviction process," *id.* at 6. However, like the other claims in her complaint, Ms. Stanton El's takings claim is not asserted against the United States. *Id.* at 4-5 (listing defendants as district court judges, a clerk of court, a CEO of a mortgage company, a law firm representing a mortgage company, a real estate investment fund, a mortgage broker, a title company, and a real estate agent). Because Ms. Stanton El's claims are not against the United States, they fall outside of this Court's jurisdiction. *See Doiban*, 173 Fed. Cl. at 540-41 (holding that the court lacked jurisdiction over plaintiff's allegation that "a private party foreclosed upon [his] property," because the claim was directed at state administrative agencies and private parties); *see also Sherwood v. United States*, 312 U.S. 584, 588 (1941) (stating that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"); *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he court lacks jurisdiction over [plaintiff's] claims against states, localities, state and local government officials, state courts, state prisons, or state employees.").

      For these reasons, the government's Motion to Dismiss [ECF 6] is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(b)(1) for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

      **IT IS SO ORDERED.**

s/ Thompson M. Dietz<br>Thompson M. Dietz, Judge